SUSAN S. MUCK (CSB No. 126930)
smuck@fenwick.com
ALEXANDRA P. GRAYNER (CSB No. 290591)
lgrayner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
MICHAEL DAVIS-WILSON (CSB No. 259790)
mdaviswilson@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Zack Rinat, Sujan Jain, James W. Breyer, Sarah Friar, Mark Garrett, Charles J. Robel and Model N, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MODEL N, INC., ZACK RINAT, SUJAN JAIN, JAMES W. BREYER, SARAH FRIAR, MARK GARRETT, CHARLES J. ROBEL, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC. and DOES 1-25, inclusive,<br><br>        Defendants. | Case No. C 14-04516-WHO<br><br>CLASS ACTION<br><br>MODEL N DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>DATE: Wednesday, January 7, 2015<br>TIME: 2:00 p.m.<br>DEPT: Courtroom 2; 17th Floor<br><br>Hon. William H. Orrick |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED .................................................................... 2

    I.    STATUTORY BACKGROUND – THE REFORM ACT AND SLUSA .............. 2

    II.    ARGUMENT .............................................................................................................. 4

        A.    Plaintiff Bears The Burden Of Proving An Express Exception To Removal Jurisdiction. ............................................................................... 4

        B.    This District Court Has Original Jurisdiction Over The Federal 1933 Act Claims, And Thus The Case Is Properly Removable Under § 1441. ... 5

        C.    The Anti-Removal Provision Of The 1933 Act Does Not Bar Removal, As It Applies Only Where A State Court Has "Competent Jurisdiction," Which Is Not The Case For 1933 Act Class Actions In The Wake Of SLUSA. ....................................................................................................... 5

        D.    Plaintiff's Interpretation Of The 1933 Act Violates A Fundamental Canon Of Statutory Interpretation By Rendering Critical Portions Of The Statute Superfluous. ........................................................................... 6

        E.    The Legislative History Of SLUSA Supports The Model N Defendants' Interpretation Of § 77v(a). ...................................................................... 10

        F.    If The Court Is Inclined To Grant Plaintiff's Motion, The Question Should Be Certified For Appellate Review To Provide Final Resolution Of This Issue That Has Divided Courts In This District And Beyond. .... 12

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Alkow v. TXU Corp.*,
  2003 U.S. Dist. LEXIS 7900 (N.D. Tex. May 8, 2003) .................................................................. 6

*Boise Cascade Corp. v. United States EPA*,
  942 F.2d 1427 (9th Cir. 1991) ....................................................................................................... 7

*Breuer v. Jim's Concrete of Brevard, Inc.*,
  538 U.S. 691 (2003) ....................................................................................................................... 4

*Brody v. Homestore, Inc.*,
  240 F. Supp. 2d 1122 (C.D. Cal. 2003) ........................................................................................ 6

*Desmarais v. Johnson*,
  2013 U.S. Dist. LEXIS 153165 (N.D. Cal. Oct. 22, 2013) ................................................. 8, 9, 10

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ......................................................................................................... 4

*In re Tyco Int'l, Ltd.*,
  322 F. Supp. 2d 116 (D.N.H. 2004) ............................................................................................. 9

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006) ....................................................................................................................... 8

*Knox v. Agria Corp.*,
  613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) .................................................................................. 6

*Kulinski v. Am. Elec. Power Co.*,
  2003 U.S. Dist. LEXIS 26447 (S.D. Ohio Sept. 19, 2003) ........................................................... 6

*Lapin v. Facebook, Inc.*,
  2012 U.S. Dist. LEXIS 119924, at *23 (N.D. Cal. Aug. 23, 2012) .......................................... 5, 8

*Lowinger v. Johnston*,
  2005 U.S. Dist. LEXIS 44720 (W.D.N.C. Oct. 13, 2005) ............................................................ 6

*Luther v. Countrywide Home Loans Servicing LP*,
  533 F.3d 1031 (9th Cir. 2008) .................................................................................................. 4, 8

*Madden v. Cowen & Co.*,
  576 F.3d 957 (9th Cir. 2009) .................................................................................................... 4, 8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
  547 U.S. 71 (2006) ......................................................................................................................... 3

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO IN OPP. TO PLAINTIFF'S MOTION
TO REMAND

i

Case No. C 14-04516-WHO

*Northumberland County Ret. Sys. v. GMX Res., Inc.*,
    810 F. Supp. 2d 1282 (W.D. Okla. 2011) ........................................................................... 6

*Proctor v. Vishay Intertechnology Inc.*,
    584 F.3d 1208 (9th Cir. 2009) ........................................................................................... 11

*Purowitz v. DreamWorks Animation SKG, Inc.*,
    2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 15, 2005) ................................................... 6

*Rajasekaran v. CytRx Corp.*,
    2014 U.S. Dist. LEXIS 124550 (C.D. Cal. Aug. 21, 2014) ............................................. 8, 9

*Reyes v. Zynga Inc.*,
    2013 U.S. Dist. Lexis 146465 (N.D. Cal. Jan. 23, 2013) ............................................. 2, 11

*Rovner v. Vonage Holdings Corp.*,
    2007 U.S. Dist. LEXIS 8656 (D.N.J. Feb. 5, 2007) .................................................. 6, 7, 10

*Rubin v. Pixelplus Co.*,
    2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. Mar. 13, 2007) ............................................ 6, 10

*Toth v. Envivo, Inc.*,
    2013 U.S. Dist. LEXIS 147569 (N.D. Cal. Oct. 11, 2013) ................................................. 3

*United States v. Public Utilities Commission of California*,
    345 U.S. 295 (1953) .......................................................................................................... 10

*Unschuld v. Tri-S Security Corp.*,
    2007 U.S. Dist. LEXIS 68513 (N.D. Ga. Sept. 14, 2007) ................................................. 10

**STATUTES**

15 U.S.C. §§ 77aa(a) .................................................................................................................... 9

15 U.S.C. § 77p(b) ......................................................................................................... 3, 7, 8, 9

15 U.S.C. § 77p(c) ............................................................................................................. 3, 7, 8

15 U.S.C. § 77p(d) ..................................................................................................................... 10

15 U.S.C. § 77p(f)(2)(A)(i)(II) .................................................................................................... 5

15 U.S.C. § 77v(a) ............................................................................................................. *passim*

15 U.S.C. § 77z-1(a) .................................................................................................................... 3

15 U.S.C. § 78aa(a) ...................................................................................................................... 9

15 U.S.C. § 78bb(f)(1) ................................................................................................................. 9

15 U.S.C. § 78bb(f)(2) ..................................................................................................................9

28 U.S.C. § 1292(b) ................................................................................................................3, 12

28 U.S.C. § 1331 ...........................................................................................................................4

28 U.S.C. § 1441 ..................................................................................................1, 2, 4, 5, 8, 9

28 U.S.C. § 1447(d) ...............................................................................................................3, 12

Private Securities Litigation Reform Act, Pub. L. No. 104-67, 109 Stat. 737 ........................ *passim*

Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112
 Stat. 3227 ............................................................................................................................ *passim*

**OTHER AUTHORITIES**

H.R. Conf. Rep. 105-803 .................................................................................................1, 3, 10, 11

H.R. Rep. 105-640 ......................................................................................................................11

S. Rep. No. 105-182 ...................................................................................................................11

Defendants Model N, Inc., Zack Rinat, Sujan Jain, James W. Breyer, Sarah Friar, Mark Garrett, and Charles J. Robel (the "Model N Defendants") respectfully submit this Memorandum in Opposition to Plaintiff's Motion to Remand this action to the Superior Court of the State of California, County of San Mateo.

**PRELIMINARY STATEMENT**

This is a putative class action asserting violations of the federal Securities Act of 1933 ("1933 Act" or the "Act"). Pursuant to 28 U.S.C. § 1441, an action bringing these federal claims can be removed to federal court as a matter of right, barring an explicit statutory exemption. Such an exemption from removal existed in the 1933 Act until the passage of the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227 ("SLUSA"), whose purpose was "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." H.R. Rep. No. 105-803, at 13.

SLUSA accomplished this objective in part by amending the 1933 Act to eliminate concurrent state court jurisdiction over class actions asserting 1933 Act claims. *See* 15 U.S.C. § 77v(a) ("The district courts of the United States … shall have jurisdiction ... concurrent with State and Territorial courts, ***except as provided in section 77p of this title with respect to covered class actions***, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter") (emphasis added to the SLUSA amendment text).[1] Consequently, class actions filed in state court alleging 1933 Act claims (such as this one) are removable to federal court, because the Act's anti-removal provision only applies in cases where the state court has "competent jurisdiction." 15 U.S.C. § 77v(a) ("no case arising under this subchapter and brought in any State court ***of competent jurisdiction*** shall be removed to any court of the United States."). This straightforward reading of the 1933 Act and the SLUSA amendments accomplishes SLUSA's objective of keeping federal securities class action claims in federal court, and has been adopted by numerous courts, including those in this district.

---

[1] All emphasis added and citations omitted unless otherwise noted.

MEMO IN OPP. TO PLAINTIFF'S MOTION TO REMAND     1     Case No. C 14-04516-WHO

Plaintiff's contrary reading of the 1933 Act and the SLUSA amendments − *i.e.*, that SLUSA only affected class actions alleging *state law* securities claims – must be rejected for multiple reasons. To begin with, if SLUSA was aimed only at state law securities class actions, then SLUSA's revision to the 1933 Act jurisdiction provision is entirely superfluous. Indeed, if Plaintiff's logic is followed, the SLUSA jurisdictional amendment could be *excised in its entirety without any observable effect*, running afoul of the cardinal principle that all provisions of a statute must be read in a manner that gives them effect.

Moreover, Plaintiff's interpretation leads to an entirely illogical result: while state law securities claims would be removable to federal court, actions asserting federal claims under the 1933 Act would not be. Even Courts adopting Plaintiff's position have conceded that such a result "just makes no sense." *See*, *e.g.*, *Reyes v. Zynga Inc.*, 2013 U.S. Dist. Lexis 146465, at *11 (N.D. Cal. Jan. 23, 2013). Indeed, the overarching legislative purpose of SLUSA was to prevent plaintiffs from litigating securities class actions in state court as a means of circumventing the procedural and substantive safeguards afforded to such cases in federal court – which is exactly what plaintiff seeks to do by remanding this action back to state court.

For these reasons, and the reasons set forth below, Plaintiff's Motion to Remand should be denied.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether Plaintiff has met its burden of proving an express exception to the removability of this action under 28 U.S.C. § 1441(a), given that the 1933 Act's anti-removal provision only applies to an action brought in a state court "of competent jurisdiction."

**I. STATUTORY BACKGROUND – THE REFORM ACT AND SLUSA**

In an effort "to prevent abuses" in private securities litigation, in 1995 Congress enacted the Private Securities Litigation Reform Act, Pub. L. No. 104-67, 109 Stat. 737 (the "Reform Act"), which amended the 1933 Act and the Securities Exchange Act of 1934 ("1934 Act") to implement various procedural and substantive safeguards against misuse of federal securities class actions. These reforms included, among other things, a stay of all discovery until the resolution of a motion to dismiss; a safe harbor for forward-looking statements; restrictions on

payment of attorneys' fees and expenses; a mandatory review by the court of compliance with Rule 11 obligations and provision for sanctions for abusive litigation; and strict requirements governing who could serve as a lead plaintiff and the process by which they must be chosen. *See* 15 U.S.C. § 77z-1(a).

After the Reform Act was passed, however, securities class action plaintiffs attempted to circumvent its safeguards by "filing frivolous and speculative lawsuits in State court, where essentially none of the [Reform Act]'s procedural or substantive protections against abusive suits are available." H.R. Conf. Rep. No. 105-803, at 14-15. Consequently, "'[t]o stem the shift of [securities] class actions from federal to state courts, Congress enacted SLUSA." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 72 (2006).

SLUSA amended the provisions of the 1933 Act in three primary ways: 1) it modified the concurrent federal and state jurisdiction provision of the 1933 Act to eliminate state court jurisdiction over covered class actions (15 U.S.C. § 77v(a)); 2) it provided that certain covered class actions could be removed to federal court (15 U.S.C. § 77p(c)); and 3) it precluded all fraud-based securities class actions alleging violations of state law (15 U.S.C. § 77p(b)).

The SLUSA amendments notwithstanding, certain shareholder plaintiffs have continued to file 1933 Act claims in state court, and the district courts that have heard the issue (including those in this district) have been divided over whether such actions can be properly removed to federal court. *See Toth v. Envivo, Inc.*, 2013 U.S. Dist. LEXIS 147569, at *4 (N.D. Cal. Oct. 11, 2013) ("the roughly thirty district courts to confront [whether 1933 Act cases brought in state court can be removed] are divided more or less evenly.").[2]

Notably, in the various cases in the Northern District of California where a 1933 Act action has been remanded to state court, plaintiffs have aggressively taken the position that certain critical Reform Act protections do not apply, which reflects exactly the type of

---

[2] Pursuant to 28 U.S.C. § 1447(d) a court order remanding a case to state court is not appealable, and thus there has been no appellate or Supreme Court review to resolve this split of authority. Accordingly, were the Court inclined to grant Plaintiff's motion, the Model N Defendants ask the Court to stay any such ruling and certify the question to the Ninth Circuit under 28 U.S.C. § 1292(b) so that an appellate court can resolve this disagreement among the district courts. *See* Section II.F., *infra*.

circumvention through forum shopping that SLUSA was enacted to prevent. *See, e.g.,* Declaration of Alexandra P. Grayner, Ex. A at 9-13 (order in a 1933 Act class action remanded to San Mateo Superior Court where the plaintiff – represented by the same counsel as in this action – argued that Reform Act protections do not apply in state court); Ex. B at 8 (status conference statement in a 1933 Act class action remanded to San Francisco Superior Court where the plaintiff – also represented by the same counsel as in this action – argued that Reform Act protections do not apply in state court). Plaintiff in this action undoubtedly intends to adopt the same position if its motion to remand is granted.

## II.  ARGUMENT

### A.  Plaintiff Bears The Burden Of Proving An Express Exception To Removal Jurisdiction.

Plaintiff's Motion inaccurately suggests that Defendants bear the entirety of the burden of establishing propriety of removal. Mot. at 2-3. In actuality, as articulated by the Supreme Court and the Ninth Circuit, Plaintiff bears the burden of persuasion in federal question cases such as this: "when a defendant removes a case to federal court, the defendant bears the burden of proving any prerequisites to federal jurisdiction, while the *plaintiff* bears the burden of proving the existence of any 'exceptions' to the exercise of jurisdiction that 'otherwise exists.'" *Madden v. Cowen & Co.*, 576 F.3d 957, 974 (9th Cir. 2009); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ("there has been no question that whenever the subject matter of an action qualifies it for removal, *the burden is on a plaintiff* to find an express exception.").

There is no dispute that federal jurisdiction exists over the 1933 Act claims at issue here (*see* Section II.B., *infra*), and that this action is removable pursuant to 28 U.S.C. § 1441 unless there is an exception "expressly provided by Act of Congress…" Plaintiff acknowledges that its basis for remand is derived entirely from such an exception, *i.e.*, the anti-removal provision of the 1933 Act. Mot. at 3. Consequently, it is *Plaintiff's* burden to demonstrate the anti-removal provision's applicability to this case. *Madden*, 576 F.3d at 974; *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (holding that where original federal jurisdiction exists, "a plaintiff seeking remand has the burden to prove that an express

exception to removal exists").[3]

### B. This District Court Has Original Jurisdiction Over The Federal 1933 Act Claims, And Thus The Case Is Properly Removable Under § 1441.

As set forth in the Model N Defendants' Notice of Removal, this Court has original jurisdiction over this action given that Plaintiff is alleging federal claims under the 1933 Act. 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff does not dispute this fact. This action is therefore removable under 28 U.S.C. § 1441, which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### C. The Anti-Removal Provision Of The 1933 Act Does Not Bar Removal, As It Applies Only Where A State Court Has "Competent Jurisdiction," Which Is Not The Case For 1933 Act Class Actions In The Wake Of SLUSA.

Contrary to Plaintiff's assertion, the anti-removal provision of the 1933 Act does not bar removal of this action, as it applies only when a case is filed in a court "of competent jurisdiction." 15 U.S.C. § 77v(a). Prior to the enactment of SLUSA, federal and state courts had concurrent jurisdiction over 1933 Act claims, but SLUSA amended the jurisdictional provision to state that:

> The district courts of the United States…shall have jurisdiction of offenses and violations under this subchapter … concurrent with State and Territorial courts, ***except as provided in section 77p of this title with respect to covered class actions,*** of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

*Id.* (emphasis added to the SLUSA amendment text).

Thus, as a result of the SLUSA jurisdictional amendment, state courts no longer have concurrent jurisdiction over 1933 Act claims in covered class actions,[4] rendering the anti-removal

---

[3] The cases cited by Plaintiff in its analysis of the removal burden of proof are based almost entirely upon state law (Mot. at 2-3), and thus it is not surprising that those authorities would focus on the initial burden of defendants to demonstrate federal jurisdiction. *See*, *e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is not the case here.

[4] Section 77p defines a "covered class action" as "any single lawsuit in which … one or more

MEMO IN OPP. TO PLAINTIFF'S MOTION            5            Case No. C 14-04516-WHO
TO REMAND

provision entirely inapplicable to all such actions. *See*, *e.g.*, *Lapin v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 119924, at *23 (N.D. Cal. Aug. 23, 2012) (the "non-removal provision in § 77v(a) … no longer applies to a 'covered class action' alleging claims under the 1933 Act, and, consequently, a class action brought under the 1993 Act is removable pursuant to 28 U.S.C. § 1441(a)"); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("After SLUSA, state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims.").[5]

This outcome is consistent with the express purposes of SLUSA—to curtail class action plaintiffs' ability to attempt to circumvent the Reform Act's requirements by filing in state rather than federal court. *See* Pub. L. No. 105-353 § 2(1)-(5). It also gives meaning to SLUSA's amendments to the jurisdictional provisions of the 1933 Act in § 77v(a), which as will be shown below, Plaintiff's interpretation renders meaningless.

### D. Plaintiff's Interpretation Of The 1933 Act Violates A Fundamental Canon Of Statutory Interpretation By Rendering Critical Portions Of The Statute Superfluous.

Plaintiff disputes the Model N Defendants' reading of the jurisdictional provision of the 1933 Act, asserting that SLUSA did not remove concurrent state court jurisdiction from covered class actions asserting 1933 Act claims. Mot. at 5-7. Plaintiff argues instead that the SLUSA amendments' only impact was to allow covered class actions based upon *state law* to be removed to federal court and be treated as precluded. Mot. at 3. The fatal defect in this reading of the

---

named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members…" 15 U.S.C. § 77p(f)(2)(A)(i)(II). This action falls squarely within this definition and Plaintiff's Motion does not argue otherwise.

[5] *See also*, *e.g.*, *Purowitz v. DreamWorks Animation SKG, Inc.*, 2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 15, 2005); *Rubin v. Pixelplus Co.*, 2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. Mar. 13, 2007); *Northumberland County Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011); *Rovner v. Vonage Holdings Corp.*, 2007 U.S. Dist. LEXIS 8656 (D.N.J. Feb. 5, 2007); *Lowinger v. Johnston*, 2005 U.S. Dist. LEXIS 44720 (W.D.N.C. Oct. 13, 2005); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003); *Kulinski v. Am. Elec. Power Co.*, 2003 U.S. Dist. LEXIS 26447 (S.D. Ohio Sept. 19, 2003); *Alkow v. TXU Corp.*, 2003 U.S. Dist. LEXIS 7900 (N.D. Tex. May 8, 2003).

1933 Act is that it renders a key portion of the relevant statute superfluous, and is at odds with the underlying purpose of SLUSA.

### 1. Plaintiff's Interpretation Renders The SLUSA Amendments To The Jurisdictional Provision Of The 1933 Act Superfluous.

SLUSA added an express carve-out to the jurisdictional provisions of the 1933 Act, *i.e.*, that state and federal courts have concurrent jurisdiction over 1933 Act claims "except as provided in section 77p of this title with respect to covered class actions." 15 U.S.C. § 77v(a). Under Plaintiff's interpretation of the Act, this carve-out ***could be excised in its entirety without any discernable effect***, violating a cardinal canon of statutory interpretation. *Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) (requiring that courts "interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous").

Specifically, if the purpose of the SLUSA amendments to the 1933 Act was merely to ensure removability and preemption of *state law* class actions as Plaintiff claims (Mot. at 5-7), then modifying the jurisdiction of courts over *federal* 1933 Act claims does nothing in that regard. Even if the jurisdiction provision of the 1933 Act had never been amended by SLUSA, state law class actions would *still* be removable and preempted through separate amendments made by SLUSA to other provisions of the Act.

In particular, as Plaintiff concedes, SLUSA's addition of § 77p(c) to the 1933 Act provides for the removal of state law class actions to federal court (Mot. at 3-4), and is not in any way dependent on any court's jurisdiction over federal 1933 Act claims. 15 U.S.C. §§ 77p(c). The same holds true for preclusion of state law class actions, which is effectuated by § 77p(b) of the Act, and is also not dependent on a court's jurisdiction over federal 1933 Act claims. Thus, under Plaintiff's reading of SLUSA, the 1933 Act jurisdictional amendment *serves no purpose at all* (and Plaintiff conspicuously fails to articulate one)*,* and therefore it cannot be a correct interpretation of the statute.

### 2. The Authorities Cited By Plaintiff Do Not Adequately Address The Jurisdictional Amendments Of SLUSA, Nor How They Can Bear Any Meaning Under Plaintiff's Interpretation Of The Statute.

The authorities cited by Plaintiff in support of its reading of the 1933 Act are either inapposite or unpersuasive given that they ignore or do not adequately address the jurisdictional amendment of SLUSA. *See*, *e.g.*, Mot. at 5, n.6. Most of the cases cited by Plaintiff do not discuss SLUSA's jurisdictional amendment and its effect or purpose at all. *See Rovner*, 2007 U.S. Dist. LEXIS 8656, at *10 (distinguishing authorities on the ground that "none of the case law cited by Plaintiff in support of its contention that state courts have concurrent jurisdiction over class action cases even addresses the jurisdictional provision in section 77v(a)"). For example, Plaintiff heavily relies upon the Supreme Court's dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), despite the fact that *Kircher* did not analyze the jurisdictional provisions of the 1933 Act, and no 1933 Act claims were even alleged. Mot. at 4, 7; *Kircher*, 547 U.S. at 634. Indeed, the excerpt of *Kircher* cited in Plaintiff's Motion reveals exactly why the case is distinguishable, *i.e.*, the observation that "we read authorization for the removal in subsection [77p(c)] … as confined to cases 'set forth in subsection [77p(b)]'" has no applicability here because the Model N Defendants *are not relying upon § 77p(c) as their authority for removal*. *See id*. at 642. As previously discussed, the Model N Defendants' authority for removal derives from 28 U.S.C. § 1441(a), and the fact that SLUSA has eliminated state court jurisdiction over 1933 Act covered class actions, and in so doing rendered the Act's anti-removal provision inapplicable to such actions.[6]

The handful of cases cited by Plaintiff that do discuss the jurisdiction issue are impaired by their inability to provide an explanation of how the SLUSA jurisdictional amendment can be anything more than surplusage if Plaintiff's reading of the 1933 Act is adopted. *See*, *e.g.*,

---

[6] The same holds true for *Madden* (576 F.3d at 865), which cites to *Kircher's* analysis of state law claims but never addresses the federal 1933 Act jurisdiction question. Plaintiff's citation to *Luther* is similarly inapposite as *Luther* also never discusses § 77v(a)'s jurisdiction provision, and indeed, did not address SLUSA at all because the parties stipulated it did not apply on grounds that the securities at issue were not covered by SLUSA. 533 F.3d at 1033; *see also Lapin*, 2012 U.S. Dist. LEXIS 119924, at *19 n.4 (distinguishing *Luther* on grounds that the parties "agree[d] that SLUSA was not applicable in light of the type of security at issue therein.").

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Desmarais v. Johnson*, 2013 U.S. Dist. LEXIS 153165, at *10-11 (N.D. Cal. Oct. 22, 2013); *Rajasekaran v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 124550, at *12-15 (C.D. Cal. Aug. 21, 2014). For example, the *CytRx* Court makes the nebulous pronouncement that "the jurisdictional provision was meant to simply acknowledge that there is now a subset of class actions that are no longer cognizable in either state or federal court – those state law class actions that are precluded by § 77p(b)," but it never explains how the jurisdictional amendment accomplishes this goal (or does anything at all) given that preclusion under § 77p(b) would occur regardless of whether the amendment to § 77v(a) had been enacted. *Id*. at *14.

It is also worth noting that a number of courts adopting Plaintiff's position have done so with the proviso that the only way to harmonize the various SLUSA amendments is to presume that their purpose is to ensure that class actions bringing **both** 1933 Act and state law fraud claims at the same time could be removable to federal court. *See*, *e.g.*, *In re Tyco Int'l, Ltd.*, 322 F. Supp. 2d 116, 120 (D.N.H. 2004) ("SLUSA's amendment to § 77v, thus was needed to eliminate any doubt about the removability of cases that include both state law claims and otherwise nonremovable claims based on the [1933] Act"); *Desmarais*, 2013 U.S. Dist. LEXIS 153165, at *10-11 (same); *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *14 (same).

Plaintiff does not state whether it adopts this "hybrid" view, but doing so would not cure the defects in its interpretation of the Act. Amending the jurisdictional provision of the 1933 Act is not needed to effectuate the removal of a hybrid state law/1933 Act action. A hybrid action would contain federal claims with original federal jurisdiction, and thus SLUSA's amendment to the anti-removal provision of § 77v(a) would be all that is needed to allow the case to be removed under § 1441(a).[7]

In sum, the Model N Defendants' reading of the SLUSA amendments is the only

---

[7] Plaintiff may attempt to argue that the SLUSA jurisdictional amendment is needed to avoid a supposed conflict that might result if a hybrid state law/1933 Act case were removed to federal court, since the preemption provisions of § 77p(b) would dictate that the action could not be maintained in any state or federal court, while § 77v(a) would suggest that the federal court still had jurisdiction. This argument is belied by the fact that if it were true, then a similar jurisdictional carve-out would be required in the 1934 Act, which has removal and preemption provisions that mirror those in the 1933 Act. 15 U.S.C. §§ 78aa(a); 78bb(f)(1); 78bb(f)(2). No such carve-out exists.

interpretation that gives substantive effect to all of the relevant provisions of the Act, and is consonant with the SLUSA goal of keeping class actions raising securities claims in federal court and avoiding circumvention of Reform Act protections.

### E. The Legislative History Of SLUSA Supports The Model N Defendants' Interpretation Of § 77v(a).

The defects in Plaintiff's statutory interpretation of the 1933 Act and its failure to carry its burden of proving an exception to removal are sufficient by themselves to warrant denial of this motion to remand. To the extent there is any doubt, however, the legislative history of SLUSA lends further support to the proposition that SLUSA eliminated concurrent state jurisdiction over 1933 Act claims brought on behalf of a class, and in so doing achieved the legislative goal of returning such cases to their rightful venue in federal court. *United States v. Public Utilities Commission of California*, 345 U.S. 295, 315 (1953) ("Where the words are ambiguous, the judiciary may properly use the legislative history to reach a conclusion").

As an initial matter, SLUSA's overarching legislative purpose was to prevent circumvention of the protections of the Reform Act by plaintiffs filing cases in state court. H.R. Rep. No. 105-803, at 13 (purpose of SLUSA was "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."). To accomplish this objective, SLUSA's aim was to make "Federal court the exclusive venue for most securities class action lawsuits." H.R. Conf. Rep. No. 105-803, at 13.[8] It is also beyond dispute that it was Congress's intent to extend Reform Act protections to 1933 Act cases, having crafted the legislation to include both the 1933 and 1934 Acts within its ambit. *See* Pub. L. No. 104-67, 109 Stat. 737.

When this legislative history is considered, it defies logic that Congress would extend Reform Act protections to 1933 Act class actions, enact a major piece of legislation designed specifically to prevent circumvention of those protections, and then amend the Act in a manner that affirmatively ***authorizes such circumvention*** by keeping 1933 Act class actions in state

---

[8] The reference to "most" securities class actions is an acknowledgement of the fact that SLUSA contains a narrow carve-out for certain securities class actions that is not applicable here, *e.g.*, class actions involving mergers or tender offers can remain in state court. 15 U.S.C. § 77p(d).

MEMO IN OPP. TO PLAINTIFF'S MOTION TO REMAND      10      Case No. C 14-04516-WHO

court. *Rovner*, 2007 U.S. Dist. LEXIS 8656, at *15 (noting that "removal of only those securities class action cases raising state law claims," would be "irreconcilable with the congressional findings"); *Rubin*, 2007 U.S. Dist. LEXIS 17671, at *17 (preventing removal of 1933 Act cases "would lead to an absurd result that would undermine the principal purpose of SLUSA").

Thus it is not surprising that even Plaintiff's own authorities that have considered the legislative history of SLUSA and its impact on the removal issue have indicated that "defendants would appear to have the better argument" (*Unschuld v. Tri-S Security Corp.*, 2007 U.S. Dist. LEXIS 68513, at *24 (N.D. Ga. Sept. 14, 2007)), that Plaintiff's position leads to "curious" and "odd" results (*Desmarais*, 2013 U.S. Dist. LEXIS 153165, at *15) and that "'[g]iven the intent of SLUSA it just makes no sense to prohibit the removal of federal securities class actions to federal court'" (*Reyes*, 2013 U.S. Dist. LEXIS 146465, at *12).

It is also not surprising that in reviewing SLUSA's legislative history Plaintiff spends no time analyzing the actual ***legislative purpose*** of SLUSA − i.e., ***preventing circumvention of the Reform Act*** − or attempting to harmonize it with the view that only covered class actions raising state law claims are removable. Mot. at 7-10. Instead, the Motion does nothing more than cite to multiple examples from the legislative record mentioning that SLUSA precludes state law securities class actions – a correct but ultimately unremarkable observation given that removal of state law class actions was just ***one*** of the measures that Congress took in enacting SLUSA to effectuate the goal of upholding Reform Act protections. *Id.*[9]

In the same vein, Plaintiff selectively quotes the introductory passage of SLUSA, stating that its purpose is "to amend the Securities Act of 1933 … to limit the conduct of securities class actions under State law," but leaving out the very next phrase "…***and for other purposes***…." H.R. Conf. Rep. 105-803, p. 1 (1998) (emphasis added); *see also* S. Rep. No. 105-182, at 1 (1998) (same); H.R. Rep. No. 105-640, at 1 (same). The legislative history is unambiguous that

---

[9] Plaintiff's citation to dicta in *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1227-28 (9th Cir. 2009) is a non-sequitur. *Proctor* did not involve 1933 Act claims at all – it was focused merely on whether an action that contained both state law claims precluded by SLUSA as well as non-precluded state law claims needed to be dismissed in its entirety, or whether the non-precluded claims could survive. *Id.* Naturally in such a context the *Proctor* court would have focused on the portion of SLUSA's legislative intent regarding preclusion of state law actions, but at no point did it opine on SLUSA's applicability to 1933 Act claims. *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

that one of the "other purposes" of SLUSA was to "make[] Federal court the exclusive venue for most securities class action lawsuits." H.R. Conf. Rep. No. 105-803, at 13. *See also* H.R. Rep. 105-640, p. 10 (1998) (goal of SLUSA was "to make Federal court the exclusive venue for securities fraud class action litigation"). Plaintiff's view that class action claims under the 1933 Act can remain in state court and evade Reform Act protections runs entirely counter to these legislative purposes.

### F. If The Court Is Inclined To Grant Plaintiff's Motion, The Question Should Be Certified For Appellate Review To Provide Final Resolution Of This Issue That Has Divided Courts In This District And Beyond.

As set forth above, Plaintiff's motion to remand should be denied. Nevertheless, the Model N Defendants acknowledge that district courts, including those within the Northern District of California, have split on the impact of SLUSA on state court class actions asserting 1933 Act claims. No appellate court has addressed the issue, principally because an order granting a remand motion is not reviewable under 28 U.S.C. § 1447(d). As a result, the issue has escaped appellate review and guidance, leaving district courts in the untenable and ongoing position of having to resolve the issue in piecemeal and conflicting fashion. Such a result is needlessly burdensome on the courts and litigants.

Accordingly, in the event that the Court is otherwise inclined to grant Plaintiff's remand motion, the Model N Defendants ask that the Court stay the effect of any such decision prior to entering an order and certify the issue for appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b). Absent such an approach, this issue will continue to evade appellate review and will continue to recur here and elsewhere.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For the reasons set forth above, the Model N Defendants respectfully request the Court to deny Plaintiff's Motion to Remand this action to the Superior Court of the State of California, County of San Mateo.

DATED:  December 3, 2014

FENWICK & WEST LLP
SUSAN S. MUCK

  /s/ Felix S. Lee
FELIX S. LEE

801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200
flee@fenwick.com

Attorney for Defendants Zack Rinat, Sujan Jain, James W. Breyer, Sarah Friar, Mark Garrett, Charles J. Robel and Model N, Inc.

DOCS/3512705