1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6   PLYMOUTH COUNTY RETIREMENT            Case No. 14-cv-04516-WHO
    SYSTEM,

7                    Plaintiff,            **ORDER GRANTING MOTION TO
                                           REMAND**

8          v.                             Re: Dkt. No. 18

9   MODEL N, INC., et al.,

10                   Defendants.

11                             **INTRODUCTION**

12         The issue I must decide on plaintiff's motion to remand is whether it was proper to remove

13  this securities class action from the Superior Court of the State of California, County of San

14  Mateo.  Plaintiff Plymouth County Retirement System ("Plymouth") argues that the Securities Act

15  of 1933 (the "Securities Act") prohibits removal of cases, like this one, that are filed in state court

16  and that assert only Securities Act claims.  Plymouth is correct.  Contrary to defendants'

17  contentions, the amendments to the Securities Act effected through the Securities Litigation

18  Uniform Standards Act of 1998 ("SLUSA") do not provide a basis for remand.  Plymouth's

19  motion is GRANTED.  Pursuant to Civil Local Rule 7-1(b), the hearing on the motion set for

20  January 7, 2015 is VACATED.

21                              **BACKGROUND**

22         Plymouth brings this securities class action on behalf of all persons who purchased or

23  otherwise acquired the common stock of Model N, Inc. ("Model N") pursuant to the registration

24  statement and prospectus issued in connection with Model N's March 20, 2013 initial public stock

25  offering.  The complaint asserts three causes of action, each for violations of the Securities Act,

26  against Model N, certain Model N officers and directors, and the underwriters of the initial public

27  stock offering (collectively, "defendants").  Plymouth initially filed the action in the Superior

28  Court of the State of California for the County of San Mateo on September 5, 2014.  On October

United States District Court
Northern District of California

8, 2014, defendants removed the case to federal court under 28 U.S.C. § 1441(a), which authorizes the removal of any civil action over which the federal district courts have original jurisdiction "[e]xcept as otherwise provided by Act of Congress."  28 U.S.C. § 1441(a).

## LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  Removal is generally based on the existence of either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).  A defendant desiring removal must file in the appropriate United States district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action.  28 U.S.C. § 1446.

If at any time following removal, it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations omitted).  This strong presumption against removal jurisdiction means that the defendant generally has the burden of proving, by a preponderance of the evidence, that removal was proper. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.1997); *Gaus,* 980 F.2d at 566.  However, where a plaintiff seeks remand based on an express exception to removal jurisdiction, the plaintiff has the burden of proving that the express exception exists and applies to his case.  *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1034 (9th Cir. 2008); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007).[1]

---

[1] On December 23, 2014, defendants submitted a Statement of Recent Decision pursuant to Civil Local Rule 7-3(d)(2) bringing to my attention the Supreme Court's recent decision in

# DISCUSSION

The dispute at the center of this motion has generated a significant split among district courts, with a growing majority ruling in favor of Plymouth's position.  The issue arises from the amendments to the Securities Act effected through SLUSA.  It is undisputed that before SLUSA, the Securities Act's jurisdictional and antiremoval provisions would have barred removal of this case.  The jurisdictional provision placed unqualified concurrent jurisdiction over Securities Act claims in both state and federal courts, while the antiremoval provision stated, "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

SLUSA made the removal question less clear.  SLUSA amended section 77v(a), which contains the Securities Act's jurisdictional and antiremoval provisions, by adding the following italicized language:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a).

Section 77p(c), which was also added by SLUSA, provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

---

*Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-00719, 2014 WL 7010692 (U.S. Dec. 15, 2014).  Defendants state that portions of *Dart Cherokee* are relevant to which party has the burden of proving the propriety of removal here.  Dkt. No. 30.  Having read the decision, I find that it does not materially impact the outcome in this case.

United States District Court
Northern District of California

Section 77p(b), another SLUSA addition, describes certain securities class actions that are now completely precluded under the Securities Act:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

Finally, SLUSA added a definitions provision, section 77p(f), which defines "covered class action" to include "any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated."  15 U.S.C. § 77p(f)(2)(A).

Plymouth asserts that removal was improper because this case does not fit within the section 77p(c) exception to the Security Act's antiremoval provision.  According to Plymouth, the section 77p(c) exception applies only to "covered class action[s] . . . as set forth in subsection (b)." Section 77p(b), in turn, applies only to "class action[s] based upon the statutory or common law of any State."  Thus, because Plymouth brings only Securities Act claims, not state law claims, removal of the action is barred by the antiremoval provision in section 77v(a).

Defendants respond by focusing on the SLUSA amendment to the Securities Act's jurisdictional provision.  Under that provision, state courts now have concurrent jurisdiction over Securities Act claims "except as provided in section 77p of this title with respect to covered class actions."  While section 77p contains four subsections that refer to "covered class actions," including section 77p(b) and section 77p(c) discussed above, defendants contend that the jurisdictional provision's reference to section 77p must be read as a reference to the definition of "covered class action" contained in section 77p(f).  The parties do not dispute that this case qualifies as a "covered class action" under that definition.  *See* Opp. 5 n.4 (Dkt. No. 23).  Thus,

4

according to defendants, the jurisdictional provision as amended by SLUSA strips state courts of concurrent jurisdiction over this case and cases like it, meaning that the antiremoval provision – which applies only to suits brought in state courts "of competent jurisdiction" – is no bar to removal here.

Plymouth has the better of these arguments.  Until recently, district courts had split "more or less evenly" over the two interpretations.  *Toth v. Envivo, Inc.*, No. 12-cv-05636-CW, 2013 WL 5596965, at *1 n.1 (N.D. Cal. Oct. 11, 2013) (citing twenty-nine cases, sixteen granting remand and thirteen denying).  Since 2013, however, every court in this district to address the issue has granted remand.  *See Desmarais v. Johnson*, No. 13-cv-03666-WHA, 2013 WL 5735154, at *3-5 (N.D. Cal. Oct. 22, 2013); *Toth*, 2013 WL 5596965, at *1-2; *Reyes v. Zynga Inc*, No. 12-cv-05065-JSW, 2013 WL 5529754, at *2-3 (N.D. Cal. Jan. 23, 2013).  Likewise, in the Central District of California, courts have uniformly granted remand since 2005.  *See Rajasekaran v. CytRx Corp.*, No. 14-cv-03406, 2014 WL 4330787, at *3-7 (C.D. Cal. Aug. 21, 2014); *W. Virginia Laborers Trust Fund v. STEC Inc.*, No. 11-cv-01171, 2011 WL 6156945, at *3-5 (C.D. Cal. Oct. 7, 2011); *Layne v. Countrywide Fin. Corp.*, No. 08-cv-03262, 2008 WL 9476380, at *1 (C.D. Cal. July 8, 2008); *Pipefitters Locals 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*, No. 05-cv-02730, 2005 WL 6963459, at *2-3 (C.D. Cal. June 28, 2005).  The Central District judge who denied remand in 2005 reversed her position in 2008, stating:  "In considering the issue again, the Court now has available a number of more recent authorities that inform the analysis and prompt the conclusion that remand is appropriate."  *Layne*, 2008 WL 9476380, at *1 n.1 (citing *Purowitz v. DreamWorks Animation SKG, Inc.*, No. 05-cv-06090, 2005 WL 6794770 (C.D. Cal. Nov. 15, 2005)).  This appears to be emerging as the dominant view around the country.  Plymouth states that not a single district court in any district has denied remand since August 2012.  Mot. 4-5 (Dkt. No. 18).  The cases cited by defendants support this assertion.  The most recent case denying remand that defendants cite is from August 2012; the rest are from 2009 or earlier.  Opp. 5-6 n.6.

Plymouth's interpretation of the SLUSA amendments is further supported by dicta from the Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006).  In that

United States District Court
Northern District of California

case, the Court considered whether a decision to remand a case removed under SLUSA is appealable despite 28 U.S.C. § 1447(d)'s mandate that "[a]n order remanding a case to the State court from which it was removed is not reviewable," except in certain limited circumstances. *Id.* at 636. In ruling that such orders may not be appealed, the Supreme Court explicitly endorsed Plymouth's narrow reading of the section 77p(c) exception to the Security Act's antiremoval provision. The Court stated that "authorization for the removal in [section 77p(c)], on which the District Court's jurisdiction depends, [is] confined to cases set forth in [section 77p(b)]." *Id.* at 642 (internal quotation marks omitted). In other words, "removal jurisdiction under [section 77p(c)] is . . . restricted to precluded actions defined by [section 77p(b)]." *Id.* at 643-44. Thus, where a Securities Act case filed in state court is not precluded by section 77p(b), a federal court "has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court." *Id.* at 644. I agree with those courts that have found that "while the analysis in *Kircher* may be dicta, it is nevertheless highly persuasive." *Rajasekaran*, 2014 WL 4330787, at *4; *see also, Desmarais*, 2013 WL 5735154, at *3-5 (granting remand based in part on *Kircher*); *W. Virginia Laborers Trust Fund*, 2011 WL 6156945, at *4-5 (same); *Layne v. Countrywide Fin. Corp.*, 2008 WL 9476380 (same); *Niitsoo v. Alpha Natural Res., Inc.*, 902 F. Supp. 2d 797, 803-04 (S.D. W. Va. 2012) (noting that "[t]he statements in *Kircher* . . . are particularly strong dicta that address the exact issue of statutory interpretation that is before me today" and concluding that section 77p(c) "means exactly what the Supreme Court says it means in *Kircher*").

The Ninth Circuit has also provided dicta that reinforces Plymouth's position. In *Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009), the court of appeals stated:

> To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded. As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable.

*Id.* at 964-65 (9th Cir. 2009) (citing *Kircher*, 547 U.S. at 644) (footnotes omitted). Similarly, in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), the Ninth

6

Circuit stated that the antiremoval provision in section 77v(a) "strictly forbids the removal of cases brought in state court and asserting claims under the [Securities Act]." *Id.* at 1033.  Thus, "by virtue of [section 77v(a)]," the plaintiff's "state court class action alleging only violations of the Securities Act of 1933 was not removable," and the district court properly remanded the case to state court.  *Id.* at 1034.

Weighed against these authorities, defendants' counterarguments are not persuasive. Defendants' contention that decisions granting remand "do not adequately address" the SLUSA amendment to the Security Act's jurisdictional provision amounts to mere disagreement with the analysis in those decisions.  *See* Opp. 8-9.  The legislative history cited by defendants is hardly compelling, particularly in light of the considerable legislative history cited by Plymouth (and a number of other courts) that supports remand in circumstances like those at issue here.  *See* Mot. 7-10; *see also, Desmarais*, 2013 WL 5735154, at *5 (describing SLUSA's legislative history as "murky" and quoting legislative statements in support of both parties' interpretations of the SLUSA amendments); *Reyes*, 2013 WL 5529754, at *3 (same); *Rajasekaran*, 2014 WL 4330787, at *7 (same); *Unschuld v. Tri-S Sec. Corp.*, No. 06-cv-02931, 2007 WL 2729011, at *8-9 (N.D. Ga. Sept. 14, 2007) (same).

## CONCLUSION

Accordingly, the motion to remand is GRANTED.  This action is remanded to the Superior Court of the State of California for the County of San Mateo.[2]

**IT IS SO ORDERED**.

Dated:  January 5, 2015

WILLIAM H. ORRICK
United States District Judge

---

[2] Defendants ask that I certify this order for review by the Ninth Circuit under 28 U.S.C. § 1292(b).  Opp. 12.  The request is DENIED.  Whether or not a remand order is appealable under section 1292(b), I do not find that certification is appropriate here.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 632-34 (9th Cir. 2010) (discussing the prerequisites for review under section 1292(b)); *Desmarais*, 2013 WL 5735154, at *5 ("Both sides agree that in light of section 1447(d), a remand order is not appealable under section 1292(b).") (emphasis omitted).

United States District Court
Northern District of California